```
------------------------------------------------------------ X
```
In the Matter of the Arbitration

        -between-

| | |
|---|---|
| CARGILL INCORPORATED, OCEAN TRANSPORTATION, as Owner | Partial Final Award<br>October 5, 2020 |

        -and-

TRIORIENT LLC, as Charterer

under a Charter Party dated February 10, 2020

```
------------------------------------------------------------ X
```

Before:

David W. Martowski
Bengt E. Nergaard
Louis Epstein, Chair

## INTRODUCTION

In this arbitration, Cargill Incorporated, Ocean Transportation ("Cargill" or "Owner") claims demurrage and damages in the amount of $1,470,052.78 arising out of the alleged breach by Triorient LLC ("Triorient" or "Charterer") of a charter party dated February 10, 2020 for the MV Josco Huizhou to carry a cargo of iron ore concentrate from Topolobambo, Mexico to China (the "Charter"). On September 24, 2020, Cargill submitted a "Motion for Security and Final Award on Default" seeking (a) pre-award security for its claim under Section 30 of the SMA Rules in the amount of $1,600,000; and (b) a final award "on default" for the full amount of its claim. For the reasons set forth below, Cargill's request for pre-award security is granted. The Panel will defer consideration of Cargill's request for a final award pending further submissions as set forth below.

## CHARTER PROVISIONS

The Charter consists of a fixture recap email which, after setting forth the main terms of charter, provided: "ALL OTHER TERMS AND CONDITIONS AS PER CHARTS EXECUTED CP ATTACHED *(MV NAVIOS LA PAIX 3 DEC, 2018) WITH LOGICAL MT ALTERATIONS." The referenced charterparty was an amended C.(Ore) 7 form which incorporated 22 pages of rider clauses.

1

Rider Clause 32 entitled "US Law/New York arbitration to apply", provided in pertinent part:

> Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York before a panel of three persons, consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen. The decision of any two of the three on any point or points shall be final. The arbitration shall be conducted pursuant to the Rules of the Society of Maritime Arbitrators of New York currently in effect. The applicable law shall be the general maritime law of the United States. Either party hereto may call for such arbitration by service upon the other, wherever he may be found, of a written notice specifying the name and address of the arbitrator chosen by the first moving party and a brief description of the disputes or differences which such party desires to put to arbitration. If the other party shall not, by notice served upon the first moving party within twenty days of the service of such first notice, appoint its arbitrator to arbitrate the dispute or differences specified, then the first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person with precisely the same force and effect as if said second arbitrator has been appointed by the other party.... Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Charter for hearing and determination. Awards made in pursuance to this clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises.

## PROCEEDINGS

By letter dated July 29, 2020, Mahoney & Keane, counsel for Cargill commenced arbitration against Triorient, appointing Mr. Martowski and calling upon Triorient to appoint its arbitrator within 20 days. (The letter was sent by Federal Express on July 29, 2020 and delivered to Triorient at its office in Darien, CT on August 4, 2020.)

Triorient failed to appoint an arbitrator within 20 days and on August 31, 2020, Cargill exercised its right to appoint Mr. Nergaard on Triorient's behalf. On the same day, Mr. Epstein was appointed as Chair of the Panel. On August 31, 2020, all three arbitrators made their respective disclosures.

No counsel or other party representative has appeared for Triorient in this arbitration. By email on August 31, 2020, George Chalos Esq of Chalos & Co, PC advised that "[a]lthough we were engaged to seek additional time for Triorient to appoint an arbitrator in this matter, we were not engaged to represent its interests with respect to the merits of the claim. Mr. Chalos requested that "all comm[unication]s for Triorient should be sent directly to them. Thereafter, communications were sent to Albert. Winslow and Facundo

Santucci, whom, we are informed are the principals of Triorient, with copies to Simpson Spence Young, Triorient's ship broker.

## SUMMARY OF FACTS

In support of its Motion for Security and Final Award on Default, Cargill has submitted the declaration of Jan-Willem van den Dijssel of its Ocean Transportation division together with supporting documents. The facts as set forth therein are as follows:

a. The vessel arrived and tendered its notice of readiness at Topolobambo on March 3, 2020 and retendered on March 6, 2020;
b. On May 11, 2020, Cargill requested Triorient's urgent advise as to when a cargo would be supplied, observing that the vessel had been waiting since March 3, and, among other things, reserving the right to declare Triorient in repudiatory breach.
c. On May 18, 2020, Cargill notified Triorient that it was terminating the Charter effective immediately based on Triorient's breach and repudiation.
d. On July 10, 2020, Cargill submitted to Triorient through its broker a demand, together with supporting documents, for $1,450,052.78 in compensation including:

- demurrage of $1,111,977.78 for 74.27361 days from the vessel's arrival on March 3, 2020 to the date its sailed on May 19, 2020;
- alleged loss of earnings of $318,200 on a substitute fixture; and,
- underwater cleaning costs of $39,875 allegedly incurred because of fouling of the vessel's hull as a result of the long wait at Topolobambo

e. Cargill demanded payment by July 10, 2020 but no payment was received.

## DISCUSSION AND DECISION

**Request for Security**

The power of arbitrators to direct a party to provide pre-award security is firmly established in case law interpreting the Federal Arbitration Act. *See*, *e.g.*, *Sperry Int'l Trade v. Government of Israel*, 689 F.2d 301, 306 (2d Cir. 1982).

Section 30 of the SMA Rules also expressly authorizes arbitrators to do so, providing in pertinent part:

> The Panel shall grant any remedy or relief which it deems just and equitable including, but not limited to, specific performance *and the posting of security for part or all of a claim or counterclaim in an amount determined by and in a form acceptable to the Panel*. (emphasis added.)

The overall objective of requiring security is to prevent obtaining a final award in the arbitration from being a pyrrhic victory. Maritime arbitrators do not exercise this power lightly and weigh certain criteria in considering applications for pre-award security including:

- The nature of the claim and any defense presented and whether the party seeking security has a likelihood of success on the merits;
- The opposing party's conduct, including whether the opposing party has responded to the demand for arbitration; and
- The opposing party's financial condition.

See generally "Pre-Award Security and Other Interim Remedies in New York Maritime Arbitration, published as chapter 8 in J.D. Kimball and D.W. Martowski, *Navigating Maritime Arbitration: The Experts Speak* (2019).

Addressing the above factors *seriatim*:

*Likelihood of success*: Based on its submissions, the Panel believes that Cargill has established a prima facie case and that its claim is likely to succeed on the merits. The claim for demurrage is straightforward and supported by a statement of facts and other typical documentation, as are the claims for loss of employment resulting from Triorient's breach and for hull cleaning costs incurred as a result of long delay at the loadport. We stress, however, that our views in this regard do not constitute a final decision on the merits which, as discussed below, is reserved pending further proceedings in this matter.

*Triorient's conduct*: Triorient failed to appoint an arbitrator or otherwise to respond to the demand for arbitration. Triorient instructed Chalos & Co for the sole purpose of seeking an extension of its time to appoint an arbitrator but did not engage that firm to represent its interests with respect to the merits of the claim..

*Triorient's financial condition*: Based on the declaration of Mr. van den Dijssen and on publicly available information, including published arbitration awards and court decisions, there is reason for serious concern about Triorient's financial condition and its ability to satisfy a final award. Among other things, Triorient faces claims in other disputes for damages incurred as a result of conduct similar to that alleged here.

In *PCL (Shipping) Pte Ltd v. Triorient LLC*, SMA No. 4401 (*The Glorious Sawara*) (Corwin, Ring, Gilmartin) (2020), the Panel concluded that Triorient breached the charterparty in a manner similar to the breach alleged here, holding that the Owner was entitled to terminate the charter after waiting 48 days at the loadport for a cargo that never materialized and was entitled to damages of $1,348,098.56 for demurrage/detention, loss of income from the intended voyage and other costs incurred as a result of Triorient's breach. It was noted in the award that counsel for Triorient had withdrawn and that Triorient had not made any formal submissions. Although no reason was given, we think that, in the circumstances, it is reasonable to suspect that the withdrawal was occasioned by Triorient's inability to pay legal fees.

4

In *CLDN Cobelfret Pte Ltd,v. Triorient LLC (The Lowlands Green)*, SMA No. 4402 (2020) (Martowski, McCafferty, Lambert ) the Panel issued a partial final award requiring Triorient to post security in the amount of $2,500,000 to secure the Owner's claim for breach of the charterparty. Again, the alleged breach was the failure to provide a cargo which resulted in the termination by the owner of the charterparty after the vessel had remained at the loadport for some 207 days.

In *Phoenix Bulk Carriers (BVI) Ltd v. Triorient* LLC 20-Civ-00936 (JGK) (S.D.N.Y July 26, 2020) the United States District Court for the Southern District of New York confirmed a 2019 SMA arbitration award against Triorient in yet another case involving Triorient's failure to provide a cargo.[1] Triorient did not contest the confirmation of the award or appear in the case. According to Mr. van den Dijssel , the amount of the judgment was $538,442.03, and no satisfaction of judgment has been filed.

As Mr. van den Dijssel further affirms, on September 8, 2020, a motion for default judgment against Triorient for the amount of $342,000 was filed in the United States District Court for the District of Connecticut in *Phoenix Bulk Carriers v. Triorient, LLC*, No. 20 Civ. 00349 (VLB), a case involving the breach of a contract of affreightment. A declaration filed by Phoenix in support of the motion in that case affirms that "Al Winslow. one of the two principals at Triorient, advised me that they were not going to contest PBC's claim in this action or participate in any way in this litigation."

Mr. van den Dijssel also affirms, on information and belief, that Mr. Winslow has stated an intention to declare bankruptcy.

In view of the likelihood that Cargill will prevail on the merits, the failure of Triorient to appear or respond in this matter and in other recent matters, and the strong indication from the foregoing arbitral awards, court decision and filings in cases involving Triorient that it is unable or unwilling to pay claims similar to those asserted here, the Panel concludes that, under Section 30 of the SMA Rules: (a) an award requiring Triorient to post security is warranted; and (b) the amount of $1,600,000 is justified considering the amount of the damages alleged together with interest and costs.

Our findings and award are without prejudice to all rights and defenses that either party may have under the Charter, including but not limited to any rights Cargill may have to secure its claims by other means under the Charter or at law.

**Request for Final Summary Award**

Regarding Cargill's request for a final summary award in its favor, before issuing a final award, the Panel directs that Cargill provide copies of correspondence it received from Triorient concerning the reasons for Triorient's failure to provide the cargo, including the correspondence mentioned in Cargill's May 11, 2020 letter. Cargill shall submit copies of such correspondence on or before October 9, 2020.

---

[1] The award confirmed was *Phoenix Bulk Carriers (BVI) Ltd v. Triorient LLC (The Pretty Lady)* (McCafferty, Martowski, Ring), SMA No. 4373 (2019)

The Panel also wishes to afford Triorient an opportunity to respond to Cargill's claim as set forth in full in Cargill's September 24, 2020 submission. Triorient shall therefore have until October 16, 2020 to provide its Defense Submissions if any.

## AWARD

On or before October 23, 2020, Triorient shall establish a bond in the amount of $1,600,000 with a first class surety or New York bank in favor of Cargill to secure Cargill's claims against Triorient and to remain in effect pending final determination by the panel on the merits of Cargill's claims in this arbitration.

As to the disputes decided here with respect to pre-award security, this award is final and may be entered as a judgment in any court of competent jurisdiction.

The Panel makes no award at this stage concerning the legal fees and expenses of the Parties or the Panel with respect to the issuance of this Partial Final Award, and will reserve making such award as part of a Final Award in this proceeding or until such other time as the Panel deems appropriate.

New York, New York
October 5 , 2020


David W. Martowski


Bengt E. Nergaard


Louis Epstein , Chair