UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARGILL INCORPORATED, OCEAN TRANSPORTATION,

                        Petitioner,                    ORDER

                                                       20 cv 10058 (PKC)

       -against-

TRIORIENT LLC,

                        Respondent.
-----------------------------------------------------------x

CASTEL, District Judge:

        Cargill Incorporated, Ocean Transportation ("Cargill") petitions to confirm a final arbitration award against respondent Triorient LLC ("Triorient") dated November 11, 2020 (the "Final Award"). The Petition was filed on December 2, 2020 (Doc 7), and Cargill served Triorient via personal service upon its registered agent, Albert Winslow, on December 12, 2020. (Doc 10). Triorient has failed to answer or otherwise respond to the Petition. On February 3, 2021, the Clerk of Court entered a Certificate of Default. (Doc 14).

        Cargill now moves for a default judgment granting its petition and confirming the Final Award. (Doc 15). On February 5, 2021, Cargill served by FedEx a copy of its default judgment motion upon Triorient's registered agent. (Doc 18). As explained below, "default judgments in confirmation . . . proceedings are generally inappropriate," <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006), and the Court must review the petition and accompanying record in accordance with the standard for granting summary judgment.

I. <u>Legal Standard.</u>

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions." <u>D.H. Blair & Co.</u>, 462 F.3d at 109. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" <u>Id.</u> at 110 (citations omitted). As the Second Circuit further explained:

> The arbitrator's rationale for an award need not be explained, and the award should be confirmed "'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]'" Only "a barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award.

<u>Id.</u> (citations omitted).

II. <u>The Final Award Is Confirmed.</u>

On July 29, 2020, counsel for Cargill commenced arbitration against Triorient based on breach of a charter party. Cargill and Triorient had entered into a charter party dated February 10, 2020 for the MV Josco Huizhou to carry a cargo of iron ore concentrate from Mexico to China (the "Charter"). (Final Award, at 1). Triorient failed to supply a cargo and the vessel proceeded to sit at the loadport. On May 18, 2020, Cargill notified Triorient that it was terminating the Charter based on Triorient's breach and repudiation. (<u>Id.</u> at 5). In arbitration, Cargill sought demurrage, loss of earnings and reimbursement of hull cleaning costs based on Triorient's breach. (<u>Id.</u> at 4).

The Charter Party contains a broad arbitration provision stating that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York before a panel of three persons . . . ." (<u>Id</u> at 2). It provides

the mechanism for selection of the panel, the arbitration rules (Rules of the Society of Maritime Arbitrators of New York) and governing law (maritime law of the United States).  (Id.)

A panel of arbitrators was duly constituted consisting of David W. Martowski, Bengt E. Nergaard and Louis Epstein.  (Pet. Exs. 1 and 2).  The Panel noted that despite having notice of the arbitration and the opportunity to respond at each stage of the proceedings, Triorient failed to appear at the arbitration.  (Id. at 6).  It issued a 7-page award determining that "Trident materially breached its obligation under the Charter to provide a cargo for the MV Josco Huizhou and that, after waiting more than two months at the loadport, Cargill was fully justified in terminating the charter based on that breach."  (Id. at 6).  At the Panel's request, Cargill submitted correspondence between the parties from April 2020 in which Triorient gave its purported reasons for failing to supply a cargo.  Triorient cited "force majeure situations" including the hacking of a Department of Commerce server and reasons related to the COVID-19 pandemic.  Upon review of the force majeure clause in the Charter Party, the heavy standard for establishing a force majeure defense and Triorient's failure to appear, the Panel rejected the defense as "speculation and guesswork."  (Id. at 6).  The Arbitrator awarded Cargill $1,492,717.47, which included demurrage, loss of earnings, hull cleaning costs and attorneys' and arbitrators' fees, with interest to accrue at 9% from July 10, 2020, the date in which Cargill first demanded payment.  (Id. at 7)

There is no genuine factual dispute regarding the propriety of the Final Award, and Cargill's submissions adequately demonstrate that it should be confirmed. The Court concludes that the Final Award, rendered in accordance with an agreement containing a broad arbitration clause, is based in law and fact and should be confirmed.

In addition to the amount of the Final Award, plus interest, Cargill seeks $500 in costs incurred in prosecuting this action. (Wolfson Decl. ¶ 9; Doc 16). The Charter Party provides that "[a]wards made in pursuant to this clause may include costs, including reasonable attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises." (Final Award, at 3). The Court concludes that the costs sought are reasonable.

CONCLUSION

For the foregoing reasons, Cargill's petition to confirm the November 11, 2020 Final Award (Doc 7-2) is GRANTED. Within seven days, Cargill shall submit a proposed final judgment reflecting the foregoing.[1] The Clerk shall terminate the motions. (Docs 7 and 15).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 15, 2021

---

[1] Cargill submitted a proposed final judgment in connection with its motion for default judgment that reflected an arbitration award of 1,482,717.47. (Doc 16-5). The Court notes that the Final Award provided for damages of $1,492,717.47. (Final Award, at 7).